Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X
JOSE ABEL WUESTON VALLE, individually and on behalf of
all others similarly situated,

Plaintiff,

-against-

"ABC CORPORATION" d/b/a ELITE HOOKAH LOUNGE &
CAFE, name of the corporation being fictitious and unknown to
Plaintiff, and NOOR NOORANI, as an individual,

Defendants.

-----------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, **JOSE ABEL WUESTON VALLE,** individually and on behalf of all others similarly situated, (hereinafter referred to as "Plaintiff"), by his attorneys at Helen F. Dalton & Associates, P.C., alleges upon personal knowledge as to herself and upon information and belief as to other matters, as follows:

<u>**PRELIMINARY STATEMENT**</u>

1. Plaintiff, through undersigned counsel, brings this action against **"ABC CORPORATION" d/b/a ELITE HOOKAH LOUNGE & CAFE, name of the corporation being fictitious and unknown to Plaintiff, and NOOR NOORANI, as an individual** (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment at **"ABC CORPORATION" d/b/a ELITE HOOKAH LOUNGE & CAFE,** located at 252-09 Union Tpke, Bellerose, NY 11426.

2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages. Plaintiff also seeks

1

interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES
### *The Plaintiff*

7. Plaintiff JOSE ABEL WUESTON VALLE residing in Flushing, New York was employed by Defendants "ABC CORPORATION" d/b/a ELITE HOOKAH LOUNGE & CAFE, located at 252-09 Union Tpke, Bellerose, NY 11426 from in or around March 2023 until in or around November 2025.

### *The Corporate Defendant*
### "ABC CORPORATION" d/b/a ELITE HOOKAH LOUNGE & CAFE

8. Upon information and belief, Defendant "ABC CORPORATION" d/b/a ELITE HOOKAH LOUNGE & CAFE, is a corporation organized under the laws of New York with a principal executive office at 252-09 Union Tpke, Bellerose, NY 11426.

9. Upon information and belief, Defendant "ABC CORPORATION" d/b/a ELITE HOOKAH LOUNGE & CAFE, is a corporation authorized to do business under the laws of New York.

10. At all relevant times hereto, Defendant "ABC CORPORATION" d/b/a ELITE HOOKAH LOUNGE & CAFE, through its agents, officers, managers and supervisors,

maintains direct control, oversight, and direct supervision over their employees including Plaintiff in the performance of his duties, which among others include scheduling of work and payment of wages.

11. Accordingly, during all relevant times herein, Defendant "ABC CORPORATION" d/b/a ELITE HOOKAH LOUNGE & CAFÉ was Plaintiff's employer within the meaning of the FLSA and NYLL.

12. On information and belief, "ABC CORPORATION" d/b/a ELITE HOOKAH LOUNGE & CAFE, is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

### *The Individual Defendant*
### NOOR NOORANI

13. At all relevant times hereto, Defendant NOOR NOORANI owns and operates "ABC CORPORATION" d/b/a ELITE HOOKAH LOUNGE & CAFE.

14. At all relevant times hereto, Defendant NOOR NOORANI is an agent of "ABC CORPORATION" d/b/a ELITE HOOKAH LOUNGE & CAFE.

15. Upon information and belief, at all relevant times hereto, Defendant NOOR NOORANI is responsible for overseeing the daily operations of "ABC CORPORATION" d/b/a ELITE HOOKAH LOUNGE & CAFE.

16. Upon information and belief, at all relevant times hereto, Defendant NOOR NOORANI has power and authority over all the final personnel decisions at "ABC CORPORATION" d/b/a ELITE HOOKAH LOUNGE & CAFE.

17. Upon information and belief, at all relevant times hereto, Defendant NOOR NOORANI has power and authority over all final payroll decisions of "ABC CORPORATION" d/b/a ELITE HOOKAH LOUNGE & CAFE, including the Plaintiff's.

18. Upon information and belief, at all relevant times hereto, Defendant NOOR NOORANI has power and authority over all final payroll decisions of "ABC CORPORATION" d/b/a ELITE HOOKAH LOUNGE & CAFE, including the Plaintiff's.

19. Upon information and belief, at all relevant times hereto, Defendant NOOR NOORANI has exclusive final power over the firing and terminating of the employees of "ABC CORPORATION" d/b/a ELITE HOOKAH LOUNGE & CAFE, including Plaintiff.

20. Upon information and belief, at all relevant times hereto, Defendant NOOR NOORANI was responsible for determining, establishing, and paying the wages of all employees of "ABC CORPORATION" d/b/a ELITE HOOKAH LOUNGE & CAFE, including the Plaintiff, setting her work schedules, and maintaining all their employment records of the business.

21. Accordingly, upon information and belief, at all relevant times hereto, Defendant NOOR NOORANI was Plaintiff's employer within the meaning and the intent of the FLSA, and the NYLL.

## **FACTUAL ALLEGATIONS**

22. Plaintiff JOSE ABEL WUESTON VALLE was employed by Defendants as a bartender, while performing related miscellaneous duties for the Defendants from in or around March 2023 until in or around November 2025.

23. Plaintiff JOSE ABEL WUESTON VALLE regularly worked:

    i.  approximately six (6) days per week from in or around March 2023 until in or around June 2025;

    ii. approximately (7) days per week from in or around July 2025 until in or around October 2025; and

    iii. approximately (6) days per in November 2025.

24. Plaintiff JOSE ABEL WUESTON VALLE regularly worked:

    i.  approximately ten (10) hours per day from in or around March 2023 until in or around March 2024;

    ii. approximately twelve (12) hours per day from in or around April 2024 until in or around June 2025; and

4

   iii.    approximately fourteen (14) hours per day from in or around July 2025 until in or around November 2025.

25. Thus, Plaintiff JOSE ABEL WUESTON VALLE was regularly required to work:

   i.    approximately sixty (60) hours per week from in or around March 2023 until in or around March 2024;

   ii.    approximately seventy-two (72) hours per week from in or around April 2024 until in or around June 2025;

   iii.    approximately ninety-eight (98) hours per week from in or around July 2025 until in or around October 2025; and

   iv.    approximately eighty-four (84) hours per week in or around November 2025.

26. Plaintiff JOSE ABEL WUESTON VALLE was paid by the Defendants approximately $13.00 per hour for all hours worked from in or around March 2023 until in or around December 2023 and approximately $14.00 per hour for all hours worked from in or around January 2024 until in or around December 2025.

27. Although Plaintiff regularly worked approximately sixty (60) hours per week from in or around March 2023 until in or around March 2024, approximately seventy-two (72) hours per week from in or around April 2024 until in or around June 2025, approximately ninety-eight (98) hours per week from in or around July 2025 until in or around October 2025, and approximately eighty-four (84) hours per week in or around November 2025, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) hours in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

28. Additionally, Defendants failed to pay Plaintiff JOSE ABEL WUESTON VALLE the legally prescribed minimum wage for all his hours worked during his employment, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

29. Furthermore, Plaintiff JOSE ABEL WUESTON VALLE worked in excess of ten (10) or more hours per day approximately six (6) days per week from in or around April 2024 until in or around June 2025, approximately seven (7) days per week from in or around July 2025 until in or around October 2025, and approximately six (6) days per week in November 2025, however, Defendants did not pay Plaintiff an extra hour at

the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

30. Lastly, Defendants failed to compensate Plaintiff at all for his last week of work.

31. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

32. , Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

33. Moreover, Defendants were aware that they were not properly compensating Plaintiff and therefore willfully chose to continue to violate the NYLL by not paying Plaintiff proper minimum wages.

34. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy her compensation problems, lack of knowledge about the rates of pay she was receiving and/or should have received for her regular hours and overtime hours, terms, and conditions of her pay, and furthermore, an inability to identify her hourly rate of pay to ascertain whether she was being properly paid in compliance with the FLSA and NYLL – which she was not.

35. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if she was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

## COLLECTIVE ACTION ALLEGATIONS

36. Plaintiff brings this action on behalf of herself, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.

37. Collective Class: All persons who are or have been employed by the Defendants as bartenders or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject

to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required minimum and overtime wage compensation.

38. Upon information and belief, Defendants employed approximately 10 or more employees within the relevant time period who were subjected to similar payment structures.

39. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

40. Defendants' unlawful conduct has been widespread, repeated, and consistent.

41. Upon information and belief, Defendants had knowledge that Plaintiff and the Collective Class performed work requiring overtime pay.

42. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

43. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

44. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

45. The claims of Plaintiff are typical of the claims of the putative class.

46. Plaintiff and her counsel will fairly and adequately protect the interests of the putative class.

47. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

48. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

49. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

50. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

51. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

52. Defendants willfully failed to pay Plaintiff's overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

53. Defendants violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiffs.

54. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

55. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

56. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

57. Defendants Defendant failed to pay Plaintiff's overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular

wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

58. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

### THIRD CAUSE OF ACTION
### Minimum Wages Under New York Labor Law

59. Plaintiff re-alleges and incorporates by reference all allegations contained in all preceding paragraphs.

60. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NYLL §§2 and 651.

61. At all times relevant to this action, Defendants were employers within the meaning of the NYLL.

62. Defendants failed to pay Plaintiff's wages for hours worked in violation of New York Labor Law Article 6.

63. Defendants failed to credit or compensate Plaintiff the applicable minimum hourly wage for all hours worked, in violation of the New York Minimum Wage Act, specifically NYLL §652.

64. Defendants failed to pay Plaintiff the required minimum wage, which Plaintiff was entitled under NYLL §652, in violation of 12 N. Y. C. R. R. 137-1.3.

65. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an amount equal to their unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

### FOURTH CAUSE OF ACTION
### Unpaid Wages Under The Fair Labor Standards Act

66. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

67. Defendants willfully failed to pay Plaintiff's wages for hours worked in violation of 29 U.S.C. §206(a).

68. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to compensating the Plaintiff.

69. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FIFTH CAUSE OF ACTION
### Unpaid Wages Under The New York Labor Law

70. Plaintiff incorporates by references all allegations in all preceding paragraphs.

71. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

72. Defendants failed to pay Plaintiff's wages for hours worked in violation of New York Labor Law Article 6.

73. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from the Defendants, jointly and severally, their unpaid wages and an amount equal to his unpaid wages in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest in accordance with N.Y. Labor Law §198 (1-a).

## SIXTH CAUSE OF ACTION
### Spread of Hours Compensation Under New York Labor Law

74. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

75. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N.Y. C. R. R. § 142-2.4.

76. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants their unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N. Y. Labor Law § 663 (1).

## SEVENTH CAUSE OF ACTION

### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

77. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

78. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

79. Defendants are liable to Plaintiff in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## EIGHT CAUSE OF ACTION

### Violation of the Wage Statement Requirements of the New York Labor Law

80. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

81. Defendants failed to provide Plaintiff with wage statements upon each payment of wages, as required by NYLL §195(3)

82. Defendants are liable to Plaintiff in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiff respectfully requests that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiff's unpaid overtime wages;

c. Awarding Plaintiff's unpaid spread of hours compensation;

d. Awarding Plaintiff's unpaid minimum wages;

e. Awarding Plaintiff's unpaid wages;

    f.   Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

    g.   Awarding Plaintiff prejudgment and post-judgment interest;

    h.   Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and

    i.   Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: December 19, 2025
       Kew Gardens, NY

*Roman Avshalumov*
Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

JOSE ABEL WUESTON VALLE, individually and on behalf of all others similarly situated,

Plaintiff,

-against-


"ABC CORPORATION" d/b/a ELITE HOOKAH LOUNGE & CAFE, name of the corporation being fictitious and unknown to Plaintiff, and NOOR NOORANI, as an individual,

Defendants.

_____

**COLLECTIVE ACTION COMPLAINT**

_____

HELEN F. DALTON & ASSOCIATES, P.C.
*Attorneys for Plaintiff*
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Phone (718) 263-9591
Fax (718) 263-9598

_____

<u>To:</u>

*via personal service:*
**"ABC CORPORATION" d/b/a ELITE HOOKAH LOUNGE & CAFE**
252-09 Union Tpke, Bellerose, NY 11426

**<u>NOOR NOORANI</u>**
75 E Carpenter Street, Valley Stream, NY 11580
252-09 Union Tpke, Bellerose, NY 11426

13